FILED

2004 APR -8 A 10: 03

U.S. DISTRICT COURT
BRIDGEPORT, CONN

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **CHERYL CHASE**<br>**RHODA CHASE**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**EUGENE COHEN**<br>**ROSE COHEN**<br>**DESIGN CONCEPTS INTERNATIONAL, INC.**<br>**d/b/a NEFF BY DESIGN CONCEPTS INTERNATIONAL**<br>**NEFF KITCHENS MFG. LTD.**<br><br>**Defendants.** | : | **Civil Action No.**<br><br>304CV588<br><br>[MRK]<br><br>**APRIL 7, 2004** |

**NOTICE OF REMOVAL**

TO PLAINTIFFS CHERYL CHASE AND RHONDA CHASE AND THEIR ATTORNEY(S) OF RECORD, AND TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONECTICUT.

Defendants Eugene Cohen, Rose Cohen and Design Concepts International, Inc. d/b/a Neff By Design Concepts International, Inc., hereby petition for removal of this case pursuant to 28 U.S.C. § 1441 et. seq., which is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332, and respectfully represents to this Honorable Court that:

1. This civil action was brought against Petitioners in the Connecticut Superior Court for the Judicial District of Hartford at Hartford, 95 Washington Street, Hartford, Connecticut with a Return Date of March 30, 2004. True copies of process served to date on the Petitioner are attached hereto as Exhibit A.

2. The Petitioners, Design Concepts International, Inc., Eugene Cohen and Rose Cohen, were served the process on March 12, 2004. Therefore, pursuant to U.S.C. § 1446(b), this Notice of Removal is timely.

3. No other pleadings, papers or orders have been served upon the Defendant Petitioners in this action except for a motion for default for failure to appear.

## ALLEGATIONS OF THE COMPLAINT

4. Plaintiffs allege that they sustained damages due to the Defendants' alleged negligence in supplying and installing cabinetry and for their alleged violation of Connecticut General Statute § 20-418 and Connecticut General Statute § 42-110a.

## STANDARD FOR FEDERAL JURISDICTION

5. Pursuant to 29 U.S.C. § 1441(a), "any civil action brought in a State Court of which the district courts of the United States have original jurisdiction,

may be removed by the defendant or the defendants, to the district court of the United States for the district or division embracing the place where such action is pending."

6. Federal courts have jurisdiction, pursuant to 28 U.S.C. § 1332(a), over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States," and such actions also are properly removed pursuant to 28 U.S.C. § 1441(a).

**BASIS FOR REMOVAL**

7. This action is within the original jurisdiction of this Court under 28 U.S.C. § 1332 (providing for original jurisdiction in cases involving citizens of different states and an amount in controversy exceeding $75,000). Accordingly, this action is properly removed.

8. Plaintiffs state in their Summons that they reside in Connecticut and, therefore they are citizens of the State of Connecticut.

9. The Defendants, Eugene Cohen and Rose Cohen, are residents of the State of New York. The Defendant, Design Concepts International, Inc., is a New York corporation with principal place of business in New York, New York. ~~The~~

of the Defendants is a citizen of the State of Connecticut for purposes of 28 U.S.C. § 1332.

10. Accordingly, there is diversity between the parties.

11. The Complaint alleges that the Defendants were negligent in supplying and installing cabinetry and for their alleged violation of Connecticut General Statute § 20-418 and Connecticut General Statute § 42-110a. The Complaint seeks monetary damages, attorney's fees and punitive damages (Complaint, Prayer for Relief). These allegations and the prayer for broad, multi-faceted damages and attorney's fees give rise to an amount in controversy in excess of $75,000.00, exclusive of interest and costs.

12. By reason of the foregoing, this Court has original jurisdiction over this claim by virtue of 28 U.S.C. § 1332. All requirements for removal on the basis of diversity of jurisdiction pursuant to 28 U.S.C. §1332 have been satisfied, and this action is properly removable under 28 U.S.C. § 1441.

13. By filing this Notice of Removal, the Defendants have not and do not waive any defenses they might assert or their right to bring any application anywhere in relation to this litigation or its subject matter.

WHEREFORE, Petitioner prays that this action be removed to this Court.

THE DEFENDANTS -
EUGENE COHEN
ROSE COHEN
DESIGN CONCEPTS INTERNATIONAL, INC.

By ______________________
THOMAS J. WEIHING – ct 08235
DALY, WEIHING & BOCHANIS
1115 Main Street, Suite 710
Bridgeport, CT 06604
203-333-8500
Their Attorney

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed first-class, postage prepaid on this the 7th day of April, 2004 to:

Attorney Richard P. Weinstein
Weinstein & Wisser
29 South Main Street
Hartford, CT 06107

Thomas J. Weihing
Commissioner of the Superior Court

**SUMMONS - CIVIL**
(Except Family Actions)
JD-CV-1 Rev. 1-2000
C.G.S. § 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259, P.B. Secs 3-1 thru 3-21, 8-1

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.state.ct.us

"X" ONE OF THE FOLLOWING: Amount, legal interest or property in demand, exclusive of interest and costs is:
- ☐ less than $2,500
- ☐ $2,500 through $14,999.99
- ☒ $15,000 or more

("X" if applicable)
- ☒ Claiming other relief in addition to or in lieu of money or damages.

**INSTRUCTIONS**

1. *Type or print legibly; sign original summons and conform all copies of the summons.*
2. *Prepare or photocopy conformed summons for each defendant.*
3. *Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.*
4. *After service has been made by a proper officer, file original papers and officer's return with the clerk of court.*
5. *The party recognized to pay costs must appear personally before the authority taking the recognizance.*
6. *Do not use this form for actions in which an attachment, garnishment or replevy is being sought. See Practice Book Section 8-1 for other exceptions.*

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

RETURN DATE (Mo., day, yr.) (Must be a Tuesday): 3-30-04

☒ JUDICIAL DISTRICT ☐ HOUSING SESSION ☐ G.A. NO. ____

AT (Town in which writ is returnable) (C.G.S. 51-346, 51-349): Hartford

CASE TYPE (See JD-CV-1c): Major C Minor 90

ADDRESS OF COURT CLERK WHERE WRIT AND OTHER PAPERS SHALL BE FILED (No., street, town and zip code) (C.G.S. 51-346, 51-350): 95 Washington Street, Hartford, CT 06106

TELEPHONE NO. (w/area code): 860-548-2700

| PARTIES | NAME AND ADDRESS OF EACH PARTY (No., street, town and zip code) NOTE: Individuals' Names: Last, First, Middle Initial ☐ Form JD-CV-2 attached | PTY NO. |
|---|---|---|
| FIRST NAMED PLAINTIFF | CHASE, CHERYL, 84 High Ridge Road, West Hartford, CT 06117 | 01 |
| Additional Plaintiff | CHASE, RHODA, 96 High Ridge Road, West Hartford, CT 06117 | 02 |
| FIRST NAMED DEFENDANT | COHEN, EUGENE, 150 East 58th Street, New York, NY 10022 | 50 |
| Additional Defendant | COHEN, ROSE, 150 East 58th Street, New York, NY 10022 | 51 |
| Additional Defendant | DESIGN CONCEPTS INTERNATIONAL, INC. d/b/a NEFF BY DESIGN CONCEPTS INTERNATIONAL, INC., 150 East 58th Street, New York, NY 10022 | 52 |
| Additional Defendant | NEFF KITCHENS MFG. LTD, 6 Melanie Drive, Brampton, Ontario L6T 49K | 53 |

## NOTICE TO EACH DEFENDANT

1. **YOU ARE BEING SUED.**
2. This paper is a Summons in a lawsuit.
3. The Complaint attached to these papers states the claims that each Plaintiff is making against you in this lawsuit.
4. To respond to this Summons, or to be informed of further proceedings, you or your attorney must file a form called an "Appearance" with the Clerk of the above-named Court at the above Court address on or before the second day after the above Return Date.
5. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default.
6. The "Appearance" form may be obtained at the above Court address.
7. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately take the Summons and Complaint to your insurance representative.
8. If you have questions about the Summons and Complaint, you should consult an attorney promptly. **The Clerk of Court is not permitted to give advice on legal questions.**

DATE: 3-5-04 | SIGNED (Sign and "X" proper box) | ☒ Comm. of Superior Court ☐ Assistant Clerk | TYPE IN NAME OF PERSON SIGNING AT LEFT: Richard P. Weinstein

**FOR THE PLAINTIFF(S) PLEASE ENTER THE APPEARANCE OF:**

NAME AND ADDRESS OF ATTORNEY, LAW FIRM OR PLAINTIFF IF PRO SE (No., street, town and zip code): Weinstein & Wisser, 29 South Main St., West Hartford, CT 06107
TELEPHONE NUMBER: 860-561-2628
JURIS NO. (If atty. or law firm): 45674

NAME AND ADDRESS OF PERSON RECOGNIZED TO PROSECUTE IN THE AMOUNT OF $250 (No., street, town and zip code): L. M. Vosburgh of West Hartford, Connecticut
SIGNATURE OF PLAINTIFF IF PRO SE

| # PLFS. | # DEFS. | # CNTS. | SIGNED (Official taking recognizance; "X" proper box) | For Court Use Only |
|---|---|---|---|---|
| 1 | 4 | 2 | ☒ Comm. of Superior Court ☐ Assistant Clerk | FILE DATE |

IF THIS SUMMONS IS SIGNED BY A CLERK:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service thereof.

A TRUE COPY ATTEST:
SCOTT M. KRAIMER
STATE MARSHAL HARTFORD COUNTY

| I hereby certify I have read and understand the above: | SIGNED (Pro Se Plaintiff) | DATE SIGNED | DOCKET NO. |
|---|---|---|---|
| | | | |

RETURN DATE: MARCH 30, 2004 : SUPERIOR COURT

CHERYL CHASE AND RHODA CHASE : J.D. OF HARTFORD

V. : AT HARTFORD

EUGENE COHEN, ROSE COHEN, DESIGN CONCEPTS INTERNATIONAL, INC. d/b/a NEFF BY DESIGN CONCEPTS INTERNATIONAL, INC. and NEFF KITCHENS MFG LTD. : MARCH 5, 2004

**COMPLAINT**

**COUNT ONE**

1. The plaintiffs are residents of the state of Connecticut, and live side by side on High Ridge Road in West Hartford, Connecticut, Cheryl Chase being the daughter of the plaintiff Rhoda Chase.

2. The defendants Eugene Cohen and Rose Cohen are the stockholders and officers of a company known as Design Concepts International, Inc., which is a New York corporation doing business as "NEFF by design concepts international, inc."

3. Neff Kitchens is a Canadian corporation which manufactures kitchen cabinets.

4. "NEFF by design concepts" sells only Neff kitchen cabinets and causes same to be delivered and installed at the customer's residence.

5. The plaintiffs visited the New York showroom of "NEFF by design concepts" and met the defendant Eugene Cohen, who identified himself as the design director.

6. The defendant Eugene Cohen showed the plaintiffs numerous Neff kitchens.

7. Eugene Cohen made numerous representations:

a. That the kitchens were custom designed to maximize the usable space providing at least 30% more space than other leading kitchens.

b. That he would come to West Hartford to measure the existing space, take photos, make renderings, and design the proposed kitchens.

c. That his installers would remove the old cabinets and install the new cabinets in the plaintiffs' homes in Connecticut.

d. That he had numerous teams of installers, but he would assign his "best team" to these particular projects.

e. That he had been in the business of designing and installing kitchen cabinetry for sixteen years and won many awards.

f. That he was "Neff," that he could bind and commit "Neff" to

contract for the kitchens.

g. That he assured the plaintiffs that the cabinets would be properly installed.

h. That he assured the plaintiffs that they would be fully satisfied with these kitchens.

i. That as to the plaintiff Rhoda Chase, he assured the plaintiff that "everything would fit plus more" than was already present in Rhoda Chase's kitchen.

j. That he had designed and installed numerous kitchens in Connecticut.

k. That he would be responsible for changing the soffits in Cheryl's house to accommodate the cabinets.

8. The defendants solicited the plaintiffs' business knowing that the kitchens were to be delivered and installed in Connecticut.

9. Most of the plaintiffs' checks for payment were payable to "Neff Kitchens" and were deposited by "NEFF by design concepts." The defendant Neff Kitchens was aware of the defendant Design Concepts' use of the Neff name and logo without restriction.

10. The aforesaid representations, together with the use of the name

"NEFF" in capital letters in the letterhead with minimized letters for Design Concepts International was intended to lure the plaintiffs into doing business with "NEFF by design concepts," including but not limited to the plaintiffs relying on the Neff reputation, relying on the fact that the defendants had allegedly installed other kitchens in Connecticut, relying on the fact that the defendants had sixteen years of business and awards, relying on the fact that Neff stood behind the work, and reliance on the fact that more space was guaranteed and the kitchens would be properly designed and installed.

11. At all times relevant hereto, including the negotiations leading up to the agreement by which the plaintiffs requested Neff to proceed with said kitchens, which occurred on or about October 25, 2001, Neff Kitchens Mfg. Ltd., "NEFF by design concepts international, inc., Design Concepts International, Inc. and the individual defendants had all failed to secure licenses to do business in Connecticut; had failed to file a trade name certificate filed for "NEFF by design concepts," and the defendants were not licensed by the State of Connecticut Department of Consumer Protection as home improvement contractors, nor were the installers utilized by the defendants so licensed.

12. The cabinets were built in Canada for shipment to Connecticut,

which was caused directly or indirectly by the defendants.

13. The defendants caused the cabinetry to be installed after shipment into homes in Connecticut.

14. The plaintiffs have maintained and do maintain that the cabinetry as installed was not acceptable, that there were numerous workmanship defects, installation defects and otherwise poor workmanship in regard to said cabinetry, let alone the fact that the cabinetry did not provide at least 30% more usable space, and did not insure the same functionality as the existing kitchens had previously provided to the plaintiffs. Notwithstanding said complaints, the defendants have failed, neglected and refused to repair and satisfy the plaintiffs in regard to said kitchens, and the plaintiffs claim substantial damages.

15. The solicitation of said contracts and the involvement of the defendants in regard to causing or directing improvements to be made into homes in Connecticut violates C.G.S. § 20-418, by which the defendants were either the contractors or the salesmen and solicitors for home improvement installers.

16. While "Neff Kitchens" has been paid substantial funds, said funds were paid pursuant to contracts which are unenforceable as a matter of law, as

per C.G.S. § 20-429, and hence the plaintiffs seek return of all monies paid to Neff by design concepts, Neff Kitchens, the installers, all for which the individual defendants are liable.

SECOND COUNT

1-16. The plaintiffs hereby incorporate paragraphs 1 through 16 of the First Count as paragraphs 1 through 16 of this the Second Count, as if fully set forth herein.

17. At all times relevant hereto, the conduct of the defendants offended public policy; was immoral, oppressive, unethical and unscrupulous; and caused substantial injury to consumers, competitors and other businessmen; thereby violating the Connecticut Unfair Trade Practices Act ("CUTPA") C.G.S. § 42-110a, *et seq.*, as made and provided, resulting in ascertainable losses to the plaintiffs as set forth herein.

18. C.G.S. § 20-427(c) provides that a violation of the Connecticut Home Improvement Act constitutes a CUTPA violation. Other indicia of a CUTPA violation include, *inter alia:* misrepresenting to the plaintiffs that the defendants were in business for sixteen years, but have used several prior corporate vehicles, one or more of which apparently went out of business, and

which were not disclosed, that the installers were not in fact employees of Neff, or "NEFF by design concepts," that "NEFF by design concepts" was not in fact Neff but a separate corporation that could not in fact bind Neff, that the defendant companies had not in fact installed numerous kitchens in Connecticut, that the defendant companies apparently had but one team of installers, and that doing business with the defendants' company was not the equivalent of doing business with the Neff Kitchens corporation and its direct guarantee, that the additional space was illusory and not of utility, that the cabinets were not in fact installed as represented, that the work would not be completed satisfactorily, all of which results in substantial damages to the plaintiffs herein.

WHEREFORE, the plaintiffs claim:

1. Damages;

2. Damages and/or injunctive relief pursuant to C.G.S. § 42-110g;

3. Punitive damages pursuant to C.G.S. § 42-110g(a);

4. Attorney's fees pursuant to C.G.S. § 42-110g(d);

5. Such other legal and equitable relief as the Court deems appropriate.

PLAINTIFFS,

By ______________________________

Richard P. Weinstein of
WEINSTEIN & WISSER, P.C.
29 South Main Street, Suite 207
West Hartford, CT 06107
Telephone No. (860) 561-2628
Juris No. 45674

| | | |
|---|---|---|
| RETURN DATE: MARCH 30, 2004 | : | SUPERIOR COURT |
| CHERYL CHASE AND RHODA CHASE | : | J.D. OF HARTFORD |
| V. | : | AT HARTFORD |
| EUGENE COHEN, ROSE COHEN, DESIGN CONCEPTS INTERNATIONAL, INC. d/b/a NEFF BY DESIGN CONCEPTS INTERNATIONAL, INC. and NEFF KITCHENS MFG LTD. | : | MARCH 5, 2004 |

**STATEMENT OF AMOUNT IN DEMAND**

The amount in demand is greater than Fifteen Thousand ($15,000.00) Dollars, exclusive of interest and costs.

PLAINTIFFS,

By: ______________________

Richard P. Weinstein of
WEINSTEIN & WISSER, P.C.
29 South Main Street, Suite 207
West Hartford, CT 06107
Telephone No. (860) 561-2628
Juris No. 45674

CHASE\NEFF KITCHENS\COMPLAINT COHENS\LMV

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

THE SECRETARY
DESIGN CONCEPTS INTERNATIONAL, INC.
d/b/a NEFF BY DESIGN CONCEPTS INTERNATIONAL
150 EAST 58TH STREET
NERW YORK, NY 10022

COMPLETE THIS SECTION ON DELIVERY

A. Signature X ☐ Agent ☐ Addressee
B. Received by (Printed Name) C. Date of Delivery 3.12
D. Is delivery address different from item 1? ☐ Yes
...S, enter delivery address below: ☐ No

...ice Type
...ertified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label) 7003 1010 0004 7665 2109

PS Form 3811, August 2001 Domestic Return Receipt 102595-02-M-154(

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

EUGENE COHEN
150 EAST 58TH STREET
NEW YORK, NY 10022

COMPLETE THIS SECTION ON DELIVERY

A. Signature X ☐ Agent ☐ Addresse...
B. Received by (Printed Name) C. Date of Deliver... 3/12
D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

...e Type
...rtified Mail ☐ Express Mail
...gistered ☐ Return Receipt for Merchandis...
...ured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label) 7003 1010 0004 7665 2086

PS Form 3811, August 2001 Domestic Return Receipt 102595-02-M-15...

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

...OSE COHEN
...50 EAST 58TH STREET
...EW YORK, NY 10022

COMPLETE THIS SECTION ON DELIVERY

A. Signature X ☐ Agent ☐ Address...
B. Received by (Printed Name) C. Date of Deliv... 3/12
D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

...vice Type
Certified Mail ☐ Express Mail
Registered ☐ Return Receipt for Merchandi...
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number 700...

STATE OF CONNECTICUT:
: SS. WEST HARTFORD March 8, 2004
COUNTY OF HARTFORD :

THAT on March 8, 2004, pursuant to provisions of Connecticut General Statutes 52-59b, I made due and legal service upon the within named out of state defendant by leaving a true and attested copy of the original Writ, Summons and Complaint at the office of the Secretary of the State whom accepts service on behalf of each of the within named out of state defendants:

**COHEN, EUGENE**
**&**
**COHEN, ROSE**

ALSO on March 8, 2004, I deposited at the post office in West Hartford, a verified true and attested copy of the original Writ, Summons and Complaint, certified mail, return receipt requested addressed to each of the within named defendants:

EUGENE COHEN
150 EAST 58TH STREET
NEW YORK, NY 10022

EUGENE COHEN
150 EAST 58TH STREET
NEW YORK, NY 10022

ALSO on March 8, 2004, pursuant to provisions of Connecticut General Statutes 33-929b, I made due and legal service upon the within named out of state defendant whom has no authorized in state agent to accept service:

**DESIGN CONCEPTS INTERNATIONAL, INC.**

FILE COPY

State of Connecticut
County of Hartford
Judicial Department

SCOTT M. KRAIMER
CONNECTICUT STATE MARSHAL
P.O. Box 271621 • West Hartford, CT 06127-1621 • 860-521-1223

State of Connecticut
County of Hartford
Judicial Department

MINISTRY OF THE ATTORNEY GENERAL FOR ONTARIO RECIPROCITY OFFICE
CIVIL LAW DIVISION
18 KING STREET EAST
TORONTO, ONTARIO
CANADA M5C 1C5

THE WITHIN IS THE ORIGINAL WRIT, SUMMONS AND COMPLAINT WITH MY DOINGS HEREON ENDORSED.

FEES:

| | |
|---|---|
| SERVICE | $120.00 |
| TRAVEL | $ 9.40 |
| ENDORSEMENTS | $ 9.60 |
| PAGES | $ 80.00 |
| POSTAGE PAID | $ 42.00 |
| PD. SEC. OF STATE | $ 50.00 |
| TOTAL | $311.00 |

ATTEST:

SCOTT M. KRAIMER
STATE MARSHAL
HARTFORD COUNTY

FILE COPY

SCOTT M. KRAIMER
CONNECTICUT STATE MARSHAL
P.O. Box 271621 • West Hartford, CT 06127-1621 • 860-521-1223